IP LAW LEADERS PLLC
5 EMBARCADERO CENTER, STE. 1400
SAN FRANCISCO, CA 94111
(415) 766-3566
WWW.IPLAWLEADERS.COM

1

2

**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ASIA VITAL COMPONENTS CO.,
LTD, a Taiwan, R.O.C. corporation,

Plaintiff,

v.

ASETEK DANMARK A/S,

Defendant.

Civil Action No. ___1:14cv1293___
___LO/TCB___

**ASIA VITAL COMPONENTS CO., LTD's
COMPLAINT FOR DECLARATORY
JUDGMENT OF PATENT INVALIDITY
AND/OR NON-INFRINGEMENT**

**JURY TRIAL DEMANDED**

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

2014 SEP 30 P 12: 44

FILED

CASE NO. _____

ASIA VITAL COMPONENTS CO.,
LTD'S COMPLAINT FOR
DECLARATORY JUDGMENT

IP LAW LEADERS PLLC
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
WWW.IPLAWLEADERS.COM

## COMPLAINT AND REQUEST FOR DECLARATORY RELIEF

Plaintiff Asia Vital Components Co. Ltd.  ("AVC"), by its attorneys, for its Complaint against Defendant Asetek Danmark A/S ("Asetek") alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for a declaratory judgment that U.S. Patent No. 8,240,362 ("the '362 Patent") and U.S. Patent No. 8,245,764 ("the '764 Patent") are invalid, unenforceable and not infringed by AVC.  The '362 and '764 Patents are referred hereto as the "Asserted Patents" and copies thereof are provided in Exhibit A, and Exhibit B, respectively.

2.     The Asserted Patents generally relate to a liquid cooling system for a computer system.

### THE PARTIES

3.     AVC is a corporation organized and existing under the laws of Taiwan, ROC, having its principal place of business at 7F-3, No. 24, Wuquan 2 Rd., Xinzhuang District, New Taipei City, 24892, Taiwan (R.O.C.).

4.     AVC manufactures liquid cooling systems in China and sells them to customers in United States and throughout the world.

5.     Upon information and belief, Asetek is a corporation organized and existing under the laws of Denmark, and has a principal place of business at Assensvej 2, Aalborg East, DK-9220, Denmark.

6.     Upon information and belief, Asetek is the owner of the Asserted Patents.

### JURISDICTION AND VENUE

CASE NO. _____      1      ASIA VITAL COMPONENTS CO., LTD'S COMPLAINT FOR DECLARATORY JUDGMENT

7.      The claims asserted in this Complaint are brought pursuant to the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arise under the patent laws of the United

States, 35 U.S.C. §§ 100, *et seq.*

8.      There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201

regarding the validity of the '362 and '764 Patents and the infringement of AVC's products. A

judicial declaration that the claims of the 'patent are invalid and that the Plaintiff has not

infringed any valid claim of the '362 and '764 Patents is necessary and appropriate at this time

so that the Plaintiff may ascertain its rights and duties with respect to the Asserted Patents.

9.      This Court has jurisdiction over the claims asserted in this Complaint under 28

U.S.C. §§ 1331, 1338, and 1367.

10.     This Court has personal jurisdiction over the Defendant as it is a foreign

corporation and under Rule 4(k)(2) of the Federal Rules of Civil Procedure, commonly referred

to as the federal long-arm statute, which provides that for claims arising under federal law, such

as a patent claims, an entity can sue a foreign entity in any U.S. District Court if that defendant

is not subject to the jurisdiction of the courts of any one state but its contacts with the United

States as a whole are sufficient to meet the requirements of due process under U.S. law.

Furthermore, the Leahy-Smith America Invents Act, signed into law on September 16, 2011,

amended 35 U.S.C. § 293 to provide, in relevant part, that in cases involving a "patentee not

residing in the United States," this Court "shall have the same jurisdiction to take any action

respecting the patent or rights thereunder that it would have if the patentee were personally

within the jurisdiction of the court." Therefore, Asetek, a non-resident patentee, is subject to the

personal jurisdiction of this Court pursuant to 35 U.S.C. § 293.

11.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(3), *et seq.*, as

Asetek is subject to personal jurisdiction in this Court under 35 U.S.C. § 293.

IP LAW LEADERS PLLC
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
WWW.IPLAWLEADERS.COM

ASIA VITAL COMPONENTS CO.,
LTD'S COMPLAINT FOR
DECLARATORY JUDGMENT

1

2

## FACTUAL BACKGROUND

3

4        12.     On information and belief, Asetek is the assignee of the '362 Patent entitled

5   "Cooling System for a Computer System" which issued from Application No. 12/826,768

6   which was filed on June 30, 2010 and issued on August 14, 2012.

7        13.     The '362 Patent apparently claims priority to PCT/DK2004/000775 which was

8   filed on November 8, 2004.

9        14.     The front page of the '362 Patent reflects the '362 Patent is assigned to Asetek.

10

11       15.     On information and belief, Asetek is also the assignee of U.S. Patent No. 8,

12  245,764 which issued from U.S Application No. 13,269,234 and which was filed on October 7,

13  2011 and was issued on August 21, 2012.

14       16.     The '764 Patent apparently claims priority to U.S. Application No. 11/919,974

15  and PCT/DK2005/000310 filed on May 6, 2005.

16

17       17.     Asetek has initiated patent lawsuits based upon the Asserted Patents directed at

18  other competitors that make and sell liquid cooling systems including Coolit Systems Inc. and

19  Cooler Master Co., Ltd. Inc. and Cooler Master USA, Inc. (Collectively Cooler Master").

20       18.     For example, Asetek has accused that certain Cooler Master's products identified

21  as Seidon 120M, 120XL, and 240M kits ("The Cooler Master products") infringe the Asserted

22  Patents in a lawsuit now pending in the Northern District of California.

23       19.     In a separate lawsuit Asetek has accused the Coolit Systems Inc. of infringement

24  of the Asserted Patents based upon the sales certain products identified as those products that

25  incorporate the Coolit System's ECO II and ECO III cooling heads.

26

27

28

IP LAW LEADERS PLLC
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
WWW.IPLAWLEADERS.COM

CASE NO. _____        3        ASIA VITAL COMPONENTS CO.,
                                                 LTD'S COMPLAINT FOR
                                                 DECLARATORY JUDGMENT

20.     AVC is generally in the business of manufacturing cooling systems for integrated circuits, including liquid cooling systems.

21.     Asetek has specifically accused AVC of infringing the Asserted Patents, and in this regard, on or about May 1, 2014 Asetek's counsel and specifically accused AVC of infringing the Asserted Patents.

22.     Asetek provided an exemplary claims chart that purportedly demonstrated how the Asserted Patents could be read on the accused Liqmax 120 product, sold by Enermax.

23.     AVC has designed other competing liquid cooling products that are designated as the AVC K7 and K9.   On information and belief, the K7 and K9 products may have a number of structural similarities to the accused products sold by Coolit Systems, Inc. and Cooler Master Co., Ltd.  Hereinafter the "Accused Products" refers to the K7 and K9 products.

24.     AVC has completed the designs of its K7 and K9 products, has manufactured sample prototype products and intends to market and sell the products in the U.S.

25.     AVC's  K7 and K9 products are positioned to directly compete in the market against Cooler Master, Coolit Systems and Enermax as well as the Asetek's products.

26.     AVC's customers for the K7 and K9 products have expressed concern that the will subject them to liability under the Asserted Patents and AVC has withheld accepting purchase order out of fear of possible liability based upon the Asserted Patents.

27.     In August 2014, Asetek and representative of AVC met to discuss Asetek's various infringement allegations and avenues to possibly resolve the dispute.

28.     AVC does not infringe any asserted claims of the '362 Patent because, *inter alia*, it does not make the Liqmax 120 product, and the K7 and K9 products lack each of the claimed elements.

CASE NO. _____          4        ASIA VITAL COMPONENTS CO., LTD'S COMPLAINT FOR DECLARATORY JUDGMENT

IP LAW LEADERS PLLC
7529 SPANISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
WWW.IPLAWLEADERS.COM

1    29.    AVC does not infringe any asserted claims of the '764 Patent because, *inter alia*,
2  it does not make the Liqmax 120 product, and the K7 and K9 products lack each of the claimed
3  elements.
4
5    30.    Asetek's actions have created uncertainty with respect to patent liability with
6  respect to AVC's ongoing importing and its sales activities in the U.S.
7
8  **The Asserted Patents**
9
10   31.    The U.S. Patent and Trademark Office conducted the examination of the
11 applications that led to the issuance of the '362 and '764 Patents without the benefit of
12 consideration of relevant, material and non-cumulative prior art.
13
14   32.    The '362 Patent is invalid under one or more provisions of Title 35, United
15 States Code, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.
16
17   33.    The '764 Patent is invalid under one or more provisions of Title 35, United
18 States Code, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.
19
20   34.    The '764 Patent is presently undergoing reexamination in a proceedings
21 identified as 95/002,386 and the Patent Office has issued a final rejection of all the claims based
22 upon the Koga reference.
23
24   35.    Asetek has asserted its patents based upon ongoing alleged sales activity and
25 AVC plans additional activity that it contends that it has the right to engage in.
26
27   36.    AVC is entitled to declaratory judgment that all of the claims of the '362 Patent
28 and the '764 Patent are invalid and not enforceable.

   37.    AVC is entitled to declaratory judgment that the Accused Products at issue do
not infringe any valid claim of the '362 Patent and '764 Patent.

IP LAW LEADERS PLLC
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
WWW.IPLAWLEADERS.COM

CASE NO. _____          5          ASIA VITAL COMPONENTS CO.,
                                              LTD'S COMPLAINT FOR
                                              DECLARATORY JUDGMENT

# COUNT 1
## PATENT INVALIDITY OF THE '362 PATENT

38.     AVC hereby incorporates by reference each statement in paragraphs 1-37, whether written above or below, as if each is fully re-written herein.

39.     One or more of the claims of the '362 Patent are and have been invalid and void on the grounds that the purported invention, attempted to be patented therein, fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, the conditions specified in 35 USC §§ 101, 102, 103, 112, and/or 305 of the Code.

40.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., AVC requests a declaration by the Court that the '362 Patent is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code § 101 et seq., including particularly, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

41.     Subject to further proceedings and discovery, including any construction of the '362 Patent claims, the claims of the '362 Patent are invalid because they are anticipated pursuant to 35 U.S.C. § 102 or rendered obvious pursuant to 35 U.S.C. § 103 by prior art patents, printed publications, and/or public use or on-sale activities, including, but not limited to one or more of the documents and other evidence that will likely be identified after a reasonable opportunity for further investigation or discovery, whether taken alone or in combination with the knowledge of one skilled in the particular art.

42.     While certain prior art has been identified above, additional prior art may also be discovered and relied upon by AVC. The prior art to be relied on at trial will be identified as required by 35 U.S.C. § 282 and/or any order entered by the Court.

43.     A judicial declaration is necessary under the circumstances to resolve this controversy.

IP LAW LEADERS PLLC
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
WWW.IPLAWLEADERS.COM

CASE NO. _____        6      ASIA VITAL COMPONENTS CO.,
LTD'S COMPLAINT FOR
DECLARATORY JUDGMENT

44.    The Plaintiff is entitled to a declaratory judgment that each of the claims of the '362 Patent are invalid and therefore not infringed by AVC.

## COUNT II
## PATENT INVALIDITY OF THE '764 PATENT

45.    AVC hereby incorporates by reference each statement in paragraphs 1-44, whether written above or below, as if each is fully re-written herein.

46.    One or more of the claims of the '764 Patent are and have been invalid and void on the grounds that the purported invention, attempted to be patented therein, fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, the conditions specified in 35 USC §§ 101, 102, 103, 112, and/or 305 of the Code.

47.    AVC seeks a declaration that the claims of the '764 Patent are invalid for failure to satisfy one or more of the conditions or requirements for patentability specified in Title 35 U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

48.    While certain prior art has been identified above, additional prior art may also be discovered and relied upon by AVC.  The prior art to be relied on at trial will be identified as required by 35 U.S.C. § 282 and/or any order entered by the Court.

49.    A judicial declaration is necessary under the circumstances to resolve this controversy.

50.    The Plaintiff is entitled to a declaratory judgment that each of the claims of the '764 patent are invalid and therefore not infringed by AVC.

## COUNT III

IP LAW LEADERS PLLC
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
www.iplawleaders.com

CASE NO. _____        7        ASIA VITAL COMPONENTS CO., LTD'S COMPLAINT FOR DECLARATORY JUDGMENT

## (DECLARATION OF NON-INFRINGEMENT)

51.     AVC hereby incorporates by reference each statement in paragraphs 1-50, whether written above or below, as if each is fully re-written herein.

52.     To the extent that any of the claims of the '362 and/or '764 Patents are valid, the Accused Products do not infringe any valid claim.

53.     AVC seeks a declaration that the Accused Products do not infringe any valid claim of the '362 Patent and the '764 Patent under 35 USC 287.

54.     A judicial declaration is necessary under the circumstances to resolve this controversy.

55.     AVC is entitled to a declaratory judgment that the Accused Products at issue do not infringe the '362 and '764 Patents.

## PRAYER FOR RELIEF

**WHEREFORE**, AVC respectfully requests that the Court enter an Order and Judgment as follows:

A.      that the Court declare that the making, using, selling, offering for sale and/or importation into the United States the Accused Products at Issue does not infringe any Patents owned by Asetek;

B.      that the Court declare that the claims of U.S. Patent No. 8,240,362 are invalid and unenforceable;

C.      that the Court declare that the claims of U.S. Patent No. 8,245,764 are invalid and unenforceable;

D.      that the Court award AVC its reasonable attorneys' fees, expenses and costs; and

IP LAW LEADERS PLLC
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
WWW.IPLAWLEADERS.COM

1

E.     that the Court award such other and further relief as the Court may deem

2

appropriate.

3

4

5

**DEMAND FOR JURY TRIAL**

6

AVC requests a jury trial as to all matters so triable.

7

8

Respectfully submitted,

9

Dated:  September 30, 2014

10

_____

11

Cameron H. Tousi (VSB No. 43668)
Andrew C. Aitken (*pro hac vice* forthcoming)

12

Raymond J. Ho (*pro hac vice* forthcoming)
IP LAW LEADERS PLLC

13

7529 Standish Place, Ste. 103
Rockville, MD 20855

14

Telephone: (202) 248-5410
Facsimile: (202) 318-4538

15

chtousi@ipllfirm.com
acaitken@ipllfirm.com

16

rjho@ipllfirm.com

17

*Counsel for Plaintiff*
*Asia Vital Components Co., Ltd*

18

19

20

21

22

23

24

25

26

27

28

IP LAW LEADERS PLLC
7529 STANDISH PLACE, STE. 103
ROCKVILLE, MD 20855
(202) 248-5410
WWW.IPLAWLEADERS.COM

CASE NO. _____          9     ASIA VITAL COMPONENTS CO.,
LTD'S COMPLAINT FOR
DECLARATORY JUDGMENT